

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2008

# Krensavage v. Bayer Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Krensavage v. Bayer Corp" (2008). *2008 Decisions.* Paper 1722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4302

———

PAULA KRENSAVAGE,

Appellant

v.

BAYER CORPORATION and BAYER
CORPORATION WELFARE BENEFITS PLAN,

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-01476)
District Judge: Honorable Terrence F. McVerry

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2007

Before: RENDELL and NYGAARD, <u>Circuit Judges</u>,
and VANASKIE[*], <u>District Judge</u>

(Filed January 22, 2008)

———

OPINION OF THE COURT

———

VANASKIE, <u>District Judge</u>.

———

[*]The Honorable Thomas I. Vanaskie, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

Appellant Paula Krensavage appeals a District Court decision granting summary judgment in favor of her employer, Bayer Corporation ("Bayer"), and Bayer Corporation Welfare Benefits Plan, on her claims of violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* For the reasons that follow we will affirm the grant of summary judgment.

I.

As we write only for the parties, we will set forth only those facts necessary to our analysis. The Bayer Disability Plan ("the Plan") designates Bayer as the Plan Sponsor and Plan Administrator. The Plan Administrator is explicitly accorded discretion to make final determinations of facts necessary or appropriate for claims under the Plan, interpret the terms and provisions of the Plan, and decide any and all questions under the Plan. Disability benefits are paid from a trust funded by periodic contributions from Bayer and participants' payroll contributions.

Kemper Services, Inc. ("Kemper") is the third party Claims Administrator for the Plan. Kemper considers participants' applications for long-term disability ("LTD") benefits and makes the initial determination whether to grant or deny an application. A plan participant may appeal an adverse determination to the Bayer ERISA Review Committee.

Krensavage applied for LTD benefits in August of 2003. Along with her

application she submitted the opinion of her treating physician, James Kang, M.D., who had concluded that she could not return to work at Bayer as an Administrative Assistant due to continuing neck spasms, but could perform sedentary work for an eight (8) hour day. On August 26, 2003, Krensavage filed an application for Social Security Disability Income ("SSDI") benefits, in which she represented that she was incapable of doing any kind of work on a regular basis.

On October 10, 2003, Kemper denied Krensavage's claim, basing its decision on Dr. Kang's opinion that Krensavage was able to perform sedentary work, as well as on a medical review conducted by James Wallquist, M.D., an independent orthopedic surgeon. By the time of Kemper's decision, Krensavage's short term disability leave had expired and her continued absence from work was not excused. Bayer, however, granted Krensavage a thirty-day "personal leave" while she appealed Kemper's decision.

On November 3, 2003, Krensavage submitted a report of Thad C. Schrickel, D.C., who opined that she was unable to return to work. Two days later, however, she reported to work, but was sent home because she had not been medically cleared to return to work and Bayer's policy does not permit an employee to work without medical clearance. The only accommodation she requested at that time was an indefinite leave of absence.

On November 10, 2003, because her thirty-day leave had expired before her ERISA appeal had been decided, Krensavage's employment was terminated. Krensavage, however, was informed that her employment would be reinstated if the LTD appeal was decided in her favor.

On February 13, 2004, the ERISA Review Committee upheld the denial of LTD benefits. It based it decision on the opinions of several independent doctors who either had examined Krensavage or her medical records, as well as a report and surveillance videotape from a private investigative service that showed Krensavage engaged in activities inconsistent with her claim of total disability.

Krensavage commenced a civil action in the United States District Court for the Western District of Pennsylvania, asserting claims under ERISA of wrongful denial of LTD benefits and retaliatory discharge, as well as a discrimination claim under the ADA. After a thorough review of the record and well-supported analysis of the law, the District Court granted Defendants' motion for summary judgment on all counts. Krensavage v. Bayer Corp., No. 02:04cv1476, 2006 WL 2794562 (W.D. Pa. Sept. 27, 2006). This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Torre v. Casio, Inc., 42 F.3d 825, 830 (3d Cir. 1994).

III.

It is undisputed that Bayer, the plan administrator, has discretionary authority to interpret and apply the plan. Accordingly, we review the denial of benefits under the arbitrary and capricious standard. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Vitale v. Latrobe Area Hosp., 420 F.3d 278, 281-82 (3d Cir. 2005).

4

Under this standard, the denial of benefits "will be overturned only if it is 'clearly not supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan.'" Orvosh v. Program of Group Ins. for Salaried Employees of Volkswagen of Am., Inc., 222 F.3d 123, 129 (3d Cir. 2000) (quoting Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 41 (3d Cir. 1993)). Where, however, a plan administrator with discretionary authority to determine eligibility for benefits operates under a conflict of interest, we intensify the arbitrary and capricious review on a sliding-scale approach in direct relation to the degree of that conflict. See Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 393 (3d Cir. 2000).

Concluding that Bayer, which partially funded the plan, may have had a financial incentive to deny claims, the District Court determined that there was a conflict of interest sufficient to warrant a level of review more rigorous than the deferential arbitrary and capricious standard. Citing our opinion in Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250 (3d Cir. 2004), the District Court also found that any conflict of interest was tempered by Bayer's retention of Kemper as an independent third party claims administrator with responsibility to make initial benefits determinations. Accordingly, the District Court applied only a "slightly heightened" version of arbitrary and capricious review.

Krensavage contends that the District Court erred in determining the appropriate standard of review, arguing that Bayer not only operated under a conflict of interest, but also interfered with the initial evaluation of her application by Kemper, thus destroying

5

any neutrality in the decision-making process. She asserts that the denial of benefits must be examined with a "'high degree of skepticism.'" (Appellant's Br. at 38, quoting Pinto, 214 F.3d at 394.)

Contrary to Krensavage's assertions, there is no basis for scrutinizing the benefits denial at a level more intense than that employed by the District Court. Indeed, it is doubtful that even a "slightly heightened" standard of review should have been applied here.

"[W]e have noted that a situation in which the employer establishes a plan, ensures its liquidity, and creates an internal benefits committee vested with the discretion to interpret the plan's terms and administer benefits does not typically constitute a conflict of interest." Stratton, 363 F.3d at 254-55 (internal quotations and alterations omitted). In this case, benefits are paid from a trust, not from Bayer's operating budget. It has created an internal benefits committee, and added the intercession of an independent claims administrator, who has no financial incentive to deny claims. It is thus doubtful that there was any financial conflict of interest burdening the consideration of Krensavage's LTD application. Moreover, the so-called interference with Kemper's initial review of Krensavage's application would not warrant increasing the level of review as it is the final decision of the ERISA Review Committee that is at issue. See Hanna v. Delta Family-Care Disability and Survivorship Plan, No. 3:04CV1333, 2006 WL 1885181, at *1 n.2 (M.D. Fla. July 7, 2006).

We need not decide, however, whether the District Court's slight heightening of

6

the arbitrary and capricious standard was error. It is sufficient to find that *no greater* than a slight heightening was appropriate.

Applying the "slightly heightened" standard of review, we agree with the District Court that the ERISA Review Committee acted well within its discretion in denying Krensavage's application. The Committee was presented with substantial evidence that Plaintiff was not totally disabled, including the opinions of several physicians. Although Krensavage offered opinions that she was unable to perform any work, the dispute among health care professionals does not make the Committee's decision arbitrary and capricious. Stratton, 363 F.3d at 258.

IV.

As to her ADA employment discrimination claim, Krensavage contends that the District Court erred in applying judicial estoppel to find that plaintiff could not show that she was a "qualified individual with a disability." The District Court held that representations made by Krensavage in her SSDI application and LTD benefits appeal that she was "totally disabled" precluded her from showing that she could perform the duties of her job at Bayer.

A threshold requirement in a disability discrimination case under the ADA is that the plaintiff be a "qualified individual with a disability." To satisfy this requirement, the plaintiff must show, *inter alia*, that she can perform the essential functions of her job, with or without reasonable accommodation. 42 U.S.C. § 12111(8). A "totally disabled" person, by definition, cannot perform the essential functions of her job, regardless of the

7

accommodation.

We are satisfied that the District Court properly found that Krensavage was estopped from showing that she was qualified to perform the essential duties of her employment position with Bayer. "[A] plaintiff's sworn assertion in an application for disability benefits that she is, for example, 'unable to work' will appear to negate an essential element of her ADA case–at least if she does not offer a sufficient explanation." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999). In fact, "an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation." Id. Such an inconsistency was present here, and the record contains no explanation for the inconsistency.[1]

V.

Claiming that she was terminated "for no reason other than having asserted a disability from performing the requirements of her job in support of her claim for LTD

---

Krensavage argues that it was error to apply judicial estoppel here because the possibility of a "reasonable accommodation" is not addressed in the applications she made for SSDI or LTD benefits. The only accommodation Krensavage suggested, however, was extended unpaid leave, which certainly does not suggest an ability to perform the essential functions of her job. Furthermore, it has been recognized that an open-ended disability leave is not a reasonable accommodation under the ADA where, as here, the plaintiff does not present evidence of the expected duration of her impairment. See, e.g., Byrne v. Avon Products, Inc., 328 F.3d 379, 380-81 (7th Cir. 2003); Rascon v. U.S. West Communications, Inc., 143 F.3d 1324, 1334 (10th Cir. 1998). Thus, the failure to grant her indefinite leave could not constitute a failure to make a reasonable accommodation of her disability.

benefits," (Appellant's Br. at 56), Krensavage argues that the District Court erred in granting summary judgment on her ERISA retaliatory discharge claim. We are satisfied that the record lacks any direct or circumstantial evidence of retaliatory intent on the part of Bayer. The undisputed facts are that Krensavage did not receive medical clearance to return to work and had exhausted all available leave time when her employment was terminated. Moreover, the termination was made conditional, so that her employment would be reinstated if her appeal of the denial of LTD benefits was successful. Under these circumstances, no reasonable fact-finder could draw an inference of an intent to retaliate against Krensavage for having pursued LTD benefits.

## VI.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for Defendants.